**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KENDRICK HARRISON, | § | |
| Debtor/Appellant, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-05-1660** |
| | § | |
| KIWI SERVICES, INC., | § | BR Case No. 04-41777-H4-7 |
| Appellee. | § | Adversary No. 04-3920 |

**MEMORANDUM AND ORDER**

This case is before the Court on appeal from the United States Bankruptcy Court's April 7, 2005 Order Granting Summary Judgment ("April 7 Order") entered in favor of Appellee Kiwi Services, Inc. ("Kiwi") in Adversary Case No. 04-3920. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court **affirms** the Bankruptcy Court's April 7 Order.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Kiwi operates a carpet cleaning service. Debtor/Appellant Kendrick Harrison entered into a subcontract with Kiwi to provide cleaning services to Kiwi's clients. Harrison then opened his own carpet cleaning service, using the name "Kiwi" and soliciting Kiwi's clients.

Kiwi sued Harrison and his wife in Texas state court. Harrison answered, but his answer was later stricken for discovery abuses. The state court action was scheduled for trial and Harrison was given notice through his attorney, but Harrison failed to appear. The Texas Court heard Kiwi's evidence, found that Harrison had defrauded Kiwi while acting in a fiduciary position and had acted intentionally, maliciously, and in conscious disregard of Kiwi's property rights, and entered default judgment in favor of Kiwi against Harrison for actual damages in the amount of $881,000, punitive damages in the amount of $1,762,000, and attorney's fees in the amount of $15,000.

Appellant Kendrick Harrison filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on August 18, 2005. Kiwi filed the Adversary Proceeding seeking a determination that the state court judgment was nondischargeable under 11 U.S.C. § 523(a)(4) and (6). Kiwi moved for summary judgment, the motion was fully briefed, and the Bankruptcy Court heard oral argument. Based on a review of the full record, independent research, and the arguments of counsel, the Bankruptcy Court granted Kiwi's motion for summary judgment that the state court judgment was nondischargeable.

Harrison filed his Notice of Appeal to this Court, and filed a timely Appellant's Brief [Doc. # 2]. After Kiwi filed its Appellee's Brief [Doc. # 3], Appellant through

his attorney advised that he did not intend to file a Reply Brief, but brought supplemental authority to the Court's attention.  *See* Letter dated July 11, 2005 [Doc. # 6].  The Court obtained a transcript of the Bankruptcy Court's oral ruling, and the appeal is now ripe for decision.

## II.   ANALYSIS

The state court found that Harrison defrauded Kiwi while acting in a fiduciary position and had acted intentionally, maliciously, and in conscious disregard of Kiwi's property rights.  The Bankruptcy Court gave collateral estoppel effect to these findings to preclude relitigation of the issues in connection with Kiwi's objection to dischargeability under Bankruptcy Code § 523(a)(4), which provides that a creditor may object to the dischargeability of a debt that arose from "fraud or defalcation while acting in a fiduciary capacity," and under Bankruptcy Code § 523(a)(6), which provides that a creditor may object to dischargeability of a debt that arose from "a willful and malicious injury."  The Court reviews a bankruptcy judge's "decision to give preclusive effect to a state court judgment *de novo*, and its findings of fact under a clearly erroneous standard."  *In re Gupta*, 394 F.3d 347, 349 (5th Cir. 2004).

 "A bankruptcy court may apply collateral estoppel in a dischargeability proceeding to preclude relitigation of state court findings that are relevant to dischargeability."  *Id.*  "[C]ollateral estoppel may be applied where (1) the facts sought

to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Id.* at 351 n.4.

With reference to Kiwi's objection to dischargeability pursuant to § 523(a)(6), it is undisputed that the parties were adversaries in the state court action. Additionally, the state court finding that Harrison acted intentionally, maliciously, and in conscious disregard of Kiwi's property rights was essential to the state court judgment, particularly the award of punitive damages. The dispute in this case involves whether the issues were fully and fairly litigated in the state court action.

Harrison argues that the issues were not fully and fairly litigated because his answer had been stricken and he was not present for trial. The state court record reflects, and Harrison does not dispute, that he filed an answer. In Texas, a judgment entered after a defendant has filed an answer but does not appear for trial is referred to as a "post-answer default judgment." *See Matter of Garner*, 56 F.3d 677, 680 (5th Cir. 1995). In such situations, judgment cannot be entered on the pleadings and the plaintiff is required to "offer evidence and prove his case as in a judgment upon a trial." *Id.* In this case, the trial court noted specifically that it was a post-answer default judgment, and the judgment against Harrison was entered only after Kiwi presented evidence to

support its claims. As a result, the issues were litigated in state court and were fully and fairly litigated for purposes of collateral estoppel. *See id.*

Harrison also argues that the state court's finding that Harrison acted intentionally, maliciously, and in conscious disregard of Kiwi's property rights does not satisfy the standard for nondischargeability under § 523(a)(6), which excepts from discharge any debt incurred for willful and malicious injury by the debtor to another entity. *Matter of Keaty*, 397 F.3d 264, 269 (5th Cir. 2005). A "willful and malicious injury" for purposes of § 523(a)(6) is one "where there is either an objective substantial certainty of harm or a subjective motive to cause harm." *Id.* at 270; *Matter of Williams*, 337 F.3d 504, 509 (5th Cir. 2003); *Matter of Miller*, 156 F.3d 598, 606 (5th Cir. 1998), *cert. denied*, 526 U.S. 1016 (1999).

In this case, the state court found that Harrison's conduct involved "an extreme degree of risk considering the probability and magnitude of the potential harm to others" and that Harrison had "actual subjective awareness of the risks and dangers and damages involved but nevertheless proceeded with conscious indifference to the rights of the plaintiff." State Court Trial Transcript, p. 33. The state court's finding is supported by the trial testimony of Mr. Ida, Kiwi's Chief Executive Officer. Mr. Ida testified that Harrison was soliciting business from Kiwi customers and was using confidential information and trade secrets that he had obtained from Kiwi. *Id.* at 16.

Mr. Ida also testified that Harrison was continuing to use the "Kiwi" name in violation of a temporary injunction issued by the state court. *Id.* Mr. Ida testified that Harrison had also forged checks and impersonated Kiwi. *Id.* at 29. Most persuasive, Mr. Ida testified that Harrison held himself out as "Kiwi" with the specific intent to cause substantial injury to Kiwi. *Id.* at 30.

The state court found that Harrison's solicitation of Kiwi's customers, and his use of Kiwi's confidential information and company name, involved a substantial certainty of harm to Kiwi, and that finding is supported by evidence presented during the trial in state court. Indeed, Harrison had been implicitly advised through the issuance of an injunction that continued use of the Kiwi name would cause injury to Kiwi, yet the uncontroverted evidence at trial in the state court established that his conduct continued. The Bankruptcy Court correctly applied collateral estoppel to grant summary judgment in favor of Kiwi on its § 523(a)(6) objection to dischargeability of its state court judgment against Harrison.[1]

---

[1] Having found after *de novo* review that the Bankruptcy Court correctly held that the state court judgment in favor of Kiwi against Harrison was not dischargeable pursuant to Bankruptcy Code § 523(a)(6), the Court does not need to address the alternate basis for nondischargeability, § 523(a)(4), and expresses no opinion regarding whether the Bankruptcy Court properly granted summary judgment in favor of Kiwi on its objection under that provision.

### III.     CONCLUSION AND ORDER

The Court, reviewing the Bankruptcy Court's summary judgment ruling *de novo*, concludes that the decision of the Bankruptcy Court was correct as to nondischargeability under § 523(a)(6).  On that basis, it is hereby

**ORDERED** that the April 7 Order granting summary judgment that the state court judgment in favor of Kiwi is nondischargeable pursuant to § 523(a)(6) is **AFFIRMED**.  The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **21st** day of **July, 2005**.

_____
Nancy F. Atlas
United States District Judge